# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>INVESTTECHFX TECHNOLOGIES, INC.<br><br>    Defendant. | CIVIL ACTION NO.:11-Civ.-0525 (MGC)<br><br>**CONSENT ORDER FOR ENTRY OF FINAL JUDGMENT, PERMANENT INJUNCTION AND ANCILLARY EQUITABLE RELIEF AGAINST INVESTTECHFX TECHNOLOGIES, INC.**<br><br><u>ECF CASE</u> |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/11

## I. INTRODUCTION

Plaintiff, Commodity Futures Trading Commission (the "Commission" or "CFTC") filed on January 26, 2011, a *Complaint for Injunctive Relief, Civil Monetary Penalties and Other Equitable Relief* ("Complaint") against InvesttechFX Technologies, Inc. ("InvesttechFX"), and moved for a Preliminary Injunction and Other Equitable Relief on February 23, 2011, seeking to protect InvesttechFX's customers that reside in the U.S. ("U.S. Customers") (as well as the trading public at large) by requesting injunctive and other equitable relief for violations of Section 2(c)(2)(C)(iii)(I)(aa), of the Commodity Exchange Act ("Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), § 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and Section 5.3(a)(6)(i) of Commission Regulations ("Regulations"), to be codified at 17 C.F.R. § 5.3(a)(6)(i).

The Commission filed a motion for preliminary injunction on February 23, 2011. Briefing was completed on March 28, 2011; however, oral argument was adjourned due to the settlement discussions between the parties.

## II.
## CONSENTS AND AGREEMENTS

**THE PARTIES AGREE** ~~AND THE COURT FINDS~~ *m MC*

1. To effect settlement of certain matters alleged in the Complaint against InvesttechFX without a trial on the merits or any further judicial proceedings, InvesttechFX, by and through their attorneys of record:

   a. Consents to the entry of this Order for Entry of Final Judgment, Permanent Injunction and Ancillary Equitable Relief against InvesttechFX Technologies, Inc. (the "Consent Order").

   b. Affirms that InvesttechFX has agreed to this Consent Order voluntarily, and that no threats or promises, other than as specifically contained herein, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

   c. Acknowledges service of the summons and Complaint.

   d. Admits the jurisdiction of this Court over InvesttechFX and the subject matter of this action pursuant to Sections 2(c)(2) and 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2) and 13a-1;

   e. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), and 28 U.S.C. § 1391(d) (2006).

   f. Waives:

       i.      any and all claims that InvesttechFX may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the Regulations, 17 C.F.R. § 148.1, *et seq.* (2010), relating to, or arising from, this action;

      ii.     any and all claims that InvesttechFX may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. 104-121, §§ 201-253, 110 Stat. 847, 857-68 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007),,, relating to, or arising from, this action;

      iii.    any and all claims that InvesttechFX may possess of Double Jeopardy based upon institution of this action, or the entry of this action of any order imposing a civil monetary penalty and any other relief, or the Consent Order entered herein; and

      iv.    all rights of appeal in this action.

g.    Neither admits nor denies the findings of fact in Section III of this Consent Order.

h.    Agrees that neither InvesttechFX nor any of its agents or employees under its authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or findings or conclusions in this Consent Order, or creating, or tending to create, the impression that the Complaint or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect InvesttechFX's: a) testimonial obligation; or b) right to take legal positions

        in other proceedings to which the Commission is not a party. InvesttechFX shall take all necessary steps to ensure that all of its agents and/or employees under its authority or control understand and comply with this agreement.

   i.    Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against InvesttechFX in any other action or proceeding, including any bankruptcy proceeding. InvesttechFX shall also provide immediate notice of any bankruptcy filed by, on behalf of, or against them in any manner required by paragraph 33 of Section V. of this Consent Order.

   j.    Consents to the continued jurisdiction of this Court over InvesttechFX and this cause to assure compliance with this Consent Order and for all other purposes related to this action.

## III.
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE PARTIES AGREE** ~~[struck through]~~ 711, & C.

   2.    The Commission is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, as amended, to be codified at 7 U.S.C. § 1 *et seq.*, and the Regulations promulgated under it, 17 C.F.R. § 1.1 *et seq.* (2010).

   3.    InvesttechFX is a Canadian business corporation that solicits and accepts orders for off-exchange foreign currency ("forex") transactions.

4.     On January 26, 2011, the CFTC filed a Complaint against InvesttechFX seeking injunctive and other equitable relief for violations of the Act and Regulations. That same day, the CFTC also moved for a preliminary injunction and other ancillary relief in this matter.

The Court has Jurisdiction over this Action

5.     This Court has jurisdiction over the subject matter of this action and InvesttechFX pursuant to Sections 2(c)(2) and 6c(a) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2) and 13a-1(a). Section 6c(a) of the Act authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

6.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), because a foreign corporation may be sued in any district. 28 U.S.C. § 1391(d).

The CFTC Has Jurisdiction over InvesttechFX's Forex Transactions

7.     The CFTC has jurisdiction over InvesttechFX's forex transactions because: (1) the transactions are offered or entered into (i) with a person that is not an eligible contract participant and (ii) on a leveraged or margined basis; (2) the transactions do not result in actual delivery within two days or otherwise create an enforceable obligation to make or take delivery in connection with the parties' line of business; and (3) InvesttechFX, the counterparty to the transactions with the non-eligible contract participant, is not one of certain enumerated persons. Section 2(c)(2)(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C).

Case 1:11-cv-00525-MGC   Document 18   Filed 06/10/11   Page 6 of 16

**InvesttechFX's Failure to Register Violates Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i)**

8. Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, specifically states that:

> A person, unless registered in such capacity as the Commission by rule, regulation, or order shall determine . . ., shall not— (aa) solicit or accept orders from any person that is not an eligible contract participant in connection with agreements, contracts, or transactions described in clause (i) of this subparagraph entered into with or to be entered into with a person who is not described in item (aa), (bb), (dd), (ee), or (ff) of subparagraph (B)(i)(II).

9. The transactions referred to include leveraged or margined forex transactions conducted with non-Eligible Contract Participants ("non-ECPs") at a Retail Foreign Exchange Dealer ("RFED"). These transactions do not result in actual delivery of the traded foreign currency within two days or create an enforceable obligation to deliver the foreign currency.

10. An Eligible Contract Participant ("ECP") is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." *See* Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a.

11. On October 18, 2010, the CFTC enacted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), and the CRA, to be codified at 7 U.S.C. § 1 *et seq.*, with respect to off-exchange forex transactions.

12. For the purposes of Part 5 of the Regulations, an RFED is defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1), as any person that is, or offers to be, the

-6-

counterparty to a retail forex transaction, except for a person described in sub-paragraph (aa), (bb), (cc)(AA), (dd), (ee), or (ff) of Section 2(c)(2)(B)(i)(II) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(B)(i)(II).

13. Pursuant to Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i), in connection with forex transactions, all RFEDs must be registered with the Commission as of October 18, 2010.

14. InvesttechFX has never been registered with the CFTC in any capacity or applied for registration (or an exemption from registration).

15. Nonetheless, after October 18, 2010, InvesttechFX solicited or accepted orders from non-ECPs residing in the U.S. in connection with margined or leveraged forex transactions at an RFED. These transactions do not involve actual delivery of foreign currency or any obligation to do so.

16. InvesttechFX is not one of the persons exempt from registration under Section 2(c)(2)(C) (a financial institution, registered broker dealer, insurance company, financial holding company, or investment bank holding company) or excluded from the definition of RFED under Regulation 5.1(h)(1) (a financial institution, brokers and dealer registered under the Securities Exchange Act or an associated person thereof, futures commission merchant, insurance company, financial holding company, or investment bank holding company).

17. InvesttechFX violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), by soliciting and taking orders from non-ECPs in connection with forex transactions at an RFED without being properly registered.


18. Moreover, InvesttechFX acted as an RFED, as defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1). Because InvesttechFX has failed to register as an RFED, it has violated Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. §5.3(a)(6)(i).

<u>Permanent Injunctive and Other Ancillary Equitable Relief is Warranted</u>

19. The CFTC has shown that InvesttechFX has engaged, is engaging, and is about to engage in acts and practices which violate Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i). The totality of the circumstances establish that, unless restrained and enjoined by this Court, there is a reasonable likelihood that InvesttechFX will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act, as amended by the CRA, and Regulations. In addition, the imposition of other ancillary equitable relief is required to comply with the basic objectives of the Act. Furthermore, the nature of InvesttechFX's violations and the need to deter others from committing similar violations of the Act, as amended by the CRA, and Regulations warrants the imposition of a civil monetary penalty.

## IV.
## ORDER OF FINAL JUDGMENT, PERMANENT INJUNCTION AND ANCILLARY EQUITABLE RELIEF AGAINST INVESTTECHFX TECHNOLOGIES, INC.

**THEREFORE, THE PARTIES AGREE AND IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant, InvesttechFX, has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, and Regulation 5.3(a)(6)(i). Therefore, judgment shall be and hereby is entered in favor of the Plaintiff, the Commodity Futures Trading Commission, and against InvesttechFX as follows:

<u>Prohibition on Violations of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA and Regulation 5.3(a)(6)(i)</u>

20.     InvesttechFX and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of InvesttechFX, and all persons insofar as they are acting in concert or participation with InvesttechFX who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from, directly or indirectly:

    a.  engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) and

    b.  engaging in any conduct in violation of Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i).

<u>Disabling of Website</u>

21.     InvesttechFX, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of InvesttechFX, and all persons and entities insofar as they are acting in concert or participation with InvesttechFX who receive actual notice of this order by personal service or otherwise, shall within two (2) days disable or cause to be disabled all web pages posted or authorized by them to be posted, with the exception of an "index" or "home" page which shall have a banner posted on such page stating that, "ATTENTION!!! INVESTTECHFX DOES NOT PROVIDE SERVICES FOR U.S CUSTOMERS. WE APOLOGIZE FOR ANY INCONVENIENCE", whether through www.investtechfx.com, the Uniform Resource Locater ("URL") associated with such domain name, and/or any other domain name or URL created, operated, hosted and/or authorized by InvesttechFX, in whole or in part, this includes, but is not limited to, taking all necessary steps to

disable web pages or block viewing of web pages by persons or entities in the U.S. associated with the aforementioned conduct.

Liquidation of U.S. Customer Accounts

    22.    InvesttechFX shall proceed to immediately:

        a.    liquidate or cause to be liquidated all open positions in U.S. Customer accounts held at InvesttechFX at closing prices for that day as determined by Bloomberg www.x-rates.com, Currenex or www.oanda.com ;

        b.    upon liquidation of all open positions in U.S. Customer accounts held at InvesttechFX, close each U.S. Customer account such that no further forex trading can be executed in the U.S. Customer account; and

        c.    return to each U.S. Customer all funds in the U.S. Customer's account; the funds shall be returned to the U.S. Customer in the same manner in which they were received by InvesttechFX from the U.S. Customer (wire, check, etc.).

        d.    Any funds not returned to U.S Customers shall be transferred to an escrow account for the benefit of such U.S. Customers.

Failure to follow these procedures will be considered prima facie evidence that InvesttechFX is in contempt of court.

Proof of Compliance with Consent Order

    23.    Within ten (10) days of the issuance of this Consent Order, InvesttechFX shall deliver to the Commission (care of its counsel) a certification in writing that they have complied with the requirements of paragraphs 15 and 16, above. This certification shall include:

        a.    a list of all webpages removed from the Internet;

  b. a list of all accounts, by U.S. Customer name, account number and e-mail address, in which the Defendant liquidated open positions, the net realized gain or loss on the liquidated positions and the methodology, as set out in IV.16.a, above, used to liquidate open positions;

  c. a list of all U.S. Customers and the amount of money sent to each U.S. Customer representing the final balance in the account, as well as a copy of the means by which the money was sent back to each U.S. Customer; and

  d. a list of all U.S. Customers by name, account number and e-mail address, for whose benefit funds have been transferred to an escrow account and the amount of funds being held pursuant to paragraph IV.16.d.

<u>Trading Prohibition</u>

24. InvesttechFX, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of InvesttechFX, and all persons and entities insofar as they are acting in concert or participation with InvesttechFX who receive actual notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

  a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a);

  b. except to liquidate or cause to be liquidated all open positions in U.S. Customer accounts described in Section IV.16 above, entering into any transactions involving commodity futures, options on commodity futures and/or commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010) ("commodity options"), for

        their own personal account or for any account in which they have a direct or indirect interest;

c. controlling or directing the trading for or on behalf of any other person or entity residing in the U.S., whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts");

d. soliciting, receiving, or accepting any funds from any person residing in the U.S. for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

e. applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

f. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

Civil Monetary Penalty

25. InvesttechFX shall pay to the Commission a civil monetary penalty of $140,000, plus post-judgment interest, within ten (10) days of the date of the entry of the Consent Order.

26. If this civil monetary penalty is not paid within ten (10) days of the date of the entry of the Order, then post-judgment interest shall accrue beginning on the date of entry of this

Consent Order and shall be determined by using the Treasury Bill rate prevailing on that day, pursuant to 28 U.S.C. § 1961(a)."

27. InvesttechFX shall pay the civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. Unless the payment is made by electronic funds transfer, it shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
Attn: Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-6569

28. If InvesttechFX chooses to make the payment by electronic funds transfer, it shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. InvesttechFX shall submit its payment with a cover letter that identifies it and the name and docket number of this proceeding. Copies of the cover letter and the form of payment shall be simultaneously transmitted to David Meister, Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address; and to Stephen Obie, Regional Counsel, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 140 Broadway, New York, NY 10005.

Jurisdiction

29. This Court shall retain jurisdiction over InvesttechFX and this cause to assure compliance with this Consent Order and for all other purposes related to this action.

## V.
## MISCELLANEOUS PROVISIONS

30. <u>Entire Agreement and Amendments.</u> This Consent Order incorporates all of the terms and conditions of the settlement as to liability only between the parties hereto. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all Parties hereto; and (3) approved by order of this Court.

31. <u>Waiver.</u> The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such Party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be construed as a further or continuing waiver of a breach of any other provision of this Consent Order.

32. <u>Collateral Agreements.</u> InvesttechFX shall immediately notify the Commission if they make any agreement with any U.S. Customer outside of this Consent Order. InvesttechFX shall also provide immediate evidence to the Court and to the Commission of any such agreement.

33. <u>Notices.</u> All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Stephen Obie
Division of Enforcement – Eastern Region
Commodity Futures Trading Commission
140 Broadway
New York, NY 10005

Notice to InvesttechFX:

John Sten, Esquire
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

34. All pleadings, correspondence, notices or other materials required by this Consent Order shall be sent to Manal Sultan, Chief Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 140 Broadway, New York, NY 10005.

35. <u>Authority.</u> Rony Spektor hereby warrants that he is a Director of InvesttechFX Technologies, Inc. and that this Consent Order has been duly authorized by InvesttechFX Technologies, Inc. and he has been duly empowered to sign and submit it on behalf of InvesttechFX Technologies, Inc.

**IT IS SO AGREED BETWEEN THE PARTIES AND SO ORDERED.**

There being no just reason for delay, the Clerk of the court is hereby directed to enter this Consent Order.

SO ORDERED at 10:15 A.M., this 9th day of June, 2011

s/ _____
Cedarbaum, J.

Consented to and approved for entry by:

Dated: __May 6__, 2011

John Ften, Esquire
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Dated: __May 2__, 2011

R. SPEKTOR
Rony Spektor, Director on behalf of InvesttechFX Technologies, Inc.

Dated: __June 8__, 2011

Nathan B. Ploener
Senior Trial Attorney
Laura Martin
Trial Attorney
Manal Sultan
Chief Trial Attorney
U.S. COMMODITY FUTURES TRADING COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
Attorneys for Plaintiff